UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OMAR ALFREDO MAYORAL SALAZAR,

Petitioner,

v.

WARDEN / FACILITY ADMINISTRATOR, Northwest Processing Center,

Respondent.

CASE NO. 2:26-cv-02971-TL

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Omar Alfredo Mayoral Salazar's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("habeas petition"). Dkt. No. 1. Having considered the Petition, the Government's[1] return memorandum (Dkt. No. 8), Petitioner's Traverse (Dkt. No. 11), and the relevant record, the Court DENIES the habeas petition.

[1] Petitioner names "Warden / Facility Administrator, Northwest Processing Center," as the Respondent in this case, which the Court construes as a reference to Bruce Scott, Warden of the Northwest ICE Processing Center. *See* Dkt. No. 1 at 1. Respondent Scott has not appeared in this case. Instead, the United States of America participates in this case, and opposes Petitioner's petition, as an Interested Party. *See* Dkt. No. 7 at 1. The United States responds to the

## I. Background

Petitioner is a noncitizen who arrived in the United States as a small child in or around 1995. Dkt. No. 1 ¶ 5. He has lived continuously in this country ever since. *Id.* On December 19, 2025, Petitioner was taken into custody by federal immigration authorities. *Id.* ¶ 12. He has been continuously held in immigration detention since that date and is presently detained at the Northwest ICE Processing Center. *Id.* ¶¶ 9, 12. On June 8, 2026, a bond hearing was held regarding Petitioner. *See* Dkt. No. 10-8 (Order of the Immigration Judge). At that hearing, an immigration judge ("IJ") found that she had no jurisdiction to grant Petitioner conditional release because his detention is governed by 8 U.S.C. §1225(b), as explained in *Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.* at 2. However, the IJ also made an alternative finding that, if Petitioner were subject to detention under 8 U.S.C. § 1226(a), he would be denied bond because he poses a danger to the community. *See id.* The IJ's order does not include the reasons for the alternative finding. *See generally id.* However, the Government has presented evidence that Petitioner has multiple misdemeanor convictions. Dkt. Nos. 10-2, 10-3, 10-4. The Parties agree that Petitioner is not presently subject to a final order of removal. *See* Dkt. No. 8 at 2; Dkt. No. 11 at 6.

## II. Legal Standard

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to relief, *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)—that is, that they are "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c).

---

petition "on behalf of U.S. Immigration and Customs Enforcement Acting Seattle Field Office Director Julio Hernandez; U.S. Department of Homeland Security ('DHS') Secretary Markwayne Mullin; DHS; and U.S. Attorney General Todd Blanche[.]" *Id*. For ease of reference, the Court refers to the United States and the entities represented by its counsel as "the Government."

## III. Discussion

Petitioner alleges that his detention has become "excessively prolonged, indeterminate, and potentially indefinite." Dkt. No. 1 ¶ 22. In the context of pre-final-removal-order detention, however, binding precedent dictates that such detention is not unconstitutionally indefinite but "ha[s] a definite termination point"—that is, when removal proceedings are concluded. *Demore v. Kim*, 538 U.S. 510, 529 (2003). Although prolonged detention *without an individualized custody determination* may become unconstitutional, *see, e.g., Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019), Petitioner *was* provided with a bond hearing on June 8, 2026. His petition makes no mention of this hearing and raises no claims related to its deficiencies. This is a fatal omission, as a valid bond denial would render Petitioner's detention lawful and his stated claims unavailing. "Courts in this District have consistently held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an IJ finds a separate basis for their detention and that basis is unchallenged." *Valdovinos v. Blanche*, No. C26-706, 2026 WL 1091282, at *4 (W.D. Wash. Apr. 22, 2026) (collecting cases).

In his traverse, Petitioner acknowledges that a bond hearing was held but argues that the hearing was "fundamentally flawed from its inception," because the IJ "erroneously determined that she lacked jurisdiction under the mandatory detention provision of 8 U.S.C. § 1225(b)." Dkt. No. 11 at 1–2. On the latter point, Petitioner is correct: As the Government concedes (*see* Dkt. No. 8 at 1–2), the Ninth Circuit recently affirmed the unanimous position of courts in this District that Petitioner and others like him are not subject to mandatory detention under 8 U.S.C. § 1225(b) and may only be detained during removal proceedings under the discretionary detention regime of 8 U.S.C. § 1226(a). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026).

However, the IJ's erroneous finding that Petitioner was detained under Section 1225(b) is not enough to invalidate the bond hearing, because the IJ also found an alternative basis for Petitioner's continued detention under Section 1226(a) "and that basis is unchallenged" in the habeas petition before the Court. *Valdovinos*, 2026 WL 1091282, at *4. That is, although Petitioner challenges the IJ's finding that he is detained under 8 U.S.C. § 1225(b) and subject to mandatory detention, he has not clearly challenged as erroneous the IJ's alternative finding that he poses a danger to the community. *See generally* Dkt. Nos. 1, 11. Without challenging this alternative basis for denying bond, Petitioner cannot successfully demonstrate that "the fact or duration of his confinement" violates any law. *See Cantero Garcia v. Wamsley*, No. C25-2092, 2025 WL 3123996, at *2 (W.D. Wash. Nov. 7, 2025) (denying claim of habeas petitioner who had challenged an IJ's erroneous finding that he was subject to detention under Section 1225(b) but not the alternative finding that he presented a danger to the community).

In his traverse, Petitioner attempts to challenge the alternative finding by stating that "[a]n alternative determination rendered under an erroneous statutory framework and without assumed jurisdiction fails to satisfy the requirements of constitutional due process," but he provides no authority or explanation for this assertion. Dkt. No. 11 at 2. Contrary to Petitioner's premise here, the alternative determination was rendered under the *correct* statutory framework—Section 1226(a). As explained above, Petitioner's suggestion that the alternative finding is nevertheless automatically invalid because of the IJ's other errors contradicts the great weight of persuasive authority in this District. Because the IJ actually *did* have jurisdiction to consider Petitioner for release in accordance with section 1226(a), the Court now treats the alternative finding as the governing basis for Petitioner's present detention and finds that, because that basis is unchallenged, the habeas petition does not entitle Petitioner to habeas relief.

This is not to say that Petitioner cannot challenge the IJ's finding of dangerousness; it is only to say he *has not* properly challenged it in the petition he has filed. The habeas petition does not challenge the IJ's decision as erroneous; it does not even acknowledge that a bond hearing was held. In the traverse, only one sentence even approaches a suggestion that the IJ's dangerousness finding was legally erroneous in its own right, and not simply because it co-occurred with the erroneous jurisdictional ruling:

> In her alternative ruling, the administrative tribunal blatantly failed to consider Petitioner's extraordinary ties, as he has resided in the United States since June 1995 after entering at the age of 4, has no ties to his native country, and maintains his entire emotional and community life in this country.

Dkt. No. 11 at 8. The Court does not find that this single sentence, which is buried in 19 pages of argument on other issues, and to which the Government has not had an opportunity to respond, is sufficient to raise this issue for the purpose of the instant petition.

Because Petitioner has not demonstrated by a preponderance of the evidence that his detention is unlawful, a writ of habeas corpus is not available to him at this time. However, because the traverse suggests that Petitioner believes that the IJ's dangerousness finding was legally erroneous and represents a deprivation of his constitutional due process rights, the Court concludes that he may be able to file a new petition that includes a colorable claim that his detention is unlawful. However, the current petition must be denied.

Accordingly, The Petition for Writ of Habeas Corpus is DENIED. This denial is without prejudice to any future habeas petition that challenges the adequacy of Petitioner's bond hearing.

Dated this 22nd day of October, 2026.

Tana Lin
United States District Judge